Case 5:14-cv-00040-M   Document 1-1   Filed 01/13/14   Page 1 of 20

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

12/27/2013 11:04 AM

DEC 18 2013

TIM RHODES
COURT CLERK
30_____

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

EVAN EDGERTON, )
)
        Plaintiff, )
)
vs. ) Case No. CJ-2013-6903
)
SAFEWAY INSURANCE COMPANY )
OF GEORGIA, )
        Defendant. )

### PETITION

COMES NOW Plaintiff, Evan Edgerton ("Edgerton"), for his cause of action against Defendant, Safeway Insurance Company of Georgia ("Safeway"), states as follows:

### THE PARTIES

1. Evan Edgerton is a citizen and resident of Oklahoma County, Oklahoma.

2. Safeway Insurance Company of Georgia is a foreign corporation licensed by the Oklahoma State Insurance Commissioner to do business in the State of Oklahoma.

### JURISDICTION AND VENUE

3. This is an action arising from Safeway's failure to deal fairly and act in good faith toward Edgerton in the handling of Edgerton's claim for proceeds from the uninsured/underinsured motor vehicle coverage.

4. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

   I.   **FIRST CAUSE OF ACTION: BAD FAITH**

5. On February 1, 2013, a motor vehicle collision occurred when Johnathan Lee Tannehill ("Tannehill") negligently made a left turn in front of Plaintiff.

1



6. The collision occurred at or near the intersection of Southwest 74th Street and Highway 152 in Oklahoma City, OK.

7. The significant impact from the collision hurt Edgerton and caused injuries and damages to him.

8. At the time of the collision, Tannehill was an uninsured motorist.

9. At the time of the collision, Plaintiff was insured under a policy of automobile insurance issued by Defendant, policy no. 1288345-GA-PP-001, which contained uninsured/underinsured motorist vehicle coverage with a policy limit of $25,000 per person per occurence.

10. On February 12, 2014, Plaintiff sent Defendant a letter of representation, notifying Defendant that Plaintiff may be making a claim against the uninsured/underinsured motorist provisions of his policy with Defendant.

11. On July 25, 2013, Plaintiff sent Defendant his medical specials and requested Defendant evaluate the claim under the uninsured/underinsured portion of Plaintiff's policy. The medical specials attached to this demand totaled $19,223.36.

12. On August 26, 2013, Defendant made a "settlement offer of $17,500.00 on this claim for injury." According to Defendant, the low offer was "based on emergency room visits of 2/26/2013 and 3/8/2013 not being related" to the car wreck caused by Tannehill. (See, Exhibit A).

13. Between August 26 and September 12, Plaintiff's attorney and Defendant talked by phone wherein Defendant advised that it had a range for settlement and Defendant's offer of $17,500.00 was the low end of the range.

14. On September 12, 2013, Plaintiff sent correspondence, as follow up to the prior phone conversation, that acknowledged the two (2) emergency room visits of 2/26/2013 and 3/8/2013 were mistakenly included in the medical specials. (See, Exhibit B).

15. After removing the mistaken emergency room bills, the revised medical expenses related to the collision caused by uninsured motorist, Tannehill, totaled $17,935.81.

16. Plaintiff's related medical expenses totaled $435.81 *more* than Defendant's August 26 settlement offer.

17. On September 19, 2013, Defendant raised its offer to $18,200.00. Defendant's offer now totaled only $264.19 above Plaintiff's related medical expenses. (See, Exhibit C).

18. On September 19, 2013, nearly two (2) months after Defendant made its first offer, Defendant called Plaintiff's attorney's office threatening to deny the claim for Plaintiff's alleged "failure to notify [Defendant] of a change of address." (See, Exhibit D).

19. On September 20, 2013, Plaintiff advised Defendant that the value of Plaintiff's claim exceeded $25,000.00 and that an offer of $18,200.00, based on $17,945.81, was a "lowball offer." (See, Exhibit D).

20. On September 23, 2013, Defendant advised that it would not increase its offer of $18,200.00. Defendant further advised that its offer was based on $16,545.81 in medical expenses. (See, Exhibit E).

21. To get medical specials of only $16,545.81, Defendant excluded, without reason, Plaintiff's EMSA ambulance services incurred on the day of the wreck caused by uninsured motorist, Tannehill.

22. On October 31, 2013, after more than a month to reconsider, Defendant again refused to raise its offer of $18,200.00. (See, Exhibit F).

### Duties Owed by Safeway

23. Safeway has a duty to promptly evaluate Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway in a timely manner.

24. Safeway has a duty to promptly pay Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway in a timely manner.

25. Safeway has a duty to evaluate and pay Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway at a reasonable amount to adequately compensate Edgerton for the injuries sustained in this collision.

26. Safeway has a duty to act reasonably in handling Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway.

27. Safeway has a duty to deal fairly and act good faith toward Edgerton in handling Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway.

28. Safeway must not treat Edgerton in the manner which an insurer may treat third-party claimants to whom no duty of good faith and fair dealing is owed.

### Duties Violated by Safeway

29. In handling this claim, Safeway violated its duty to promptly evaluate Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway in a timely manner.

30. In handling this claim, Safeway violated its duty to promptly pay Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway in a timely manner.

31. In handling this claim, Safeway violated its duty to evaluate and pay Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway at a reasonable amount to adequately compensate Edgerton for the injuries sustained in this collision.

32. In handling this claim, Safeway violated its duty to act reasonably in handling Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway.

33. In handling this claim, Safeway violated its duty to deal fairly and act good faith toward Edgerton in handling Edgerton's claim against the uninsured/underinsured motorist provisions of his policy with Safeway.

34. In handling this claim, Safeway treated Edgerton in the manner which an insurer may treat third-party claimants to whom no duty of good faith and fair dealing is owed.

### Causation of Plaintiff's Damages

35. The actions of Defendant in failing to deal fairly and in good faith and to promptly evaluate and pay to Plaintiff a reasonable amount to adequately compensate him for his injuries sustained in this collision in a timely manner and to pay the full amount of all available insurance coverage from the first dollar to the limits of all available coverage in a fair and reasonable amount in a timely manner, as well as facts alleged previously, constitute a violation of Defendant's duty of good faith on the part of Defendant.

36. The damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendant's violation of one or more of the above described independent duties of Defendant.

37. The damages sustained by Plaintiff were a probable consequence from Defendant's violation of one or more of the above described independent duties of Defendant.

38. Defendant should have foreseen and anticipated that a violation of one or more of the above described independent duties would cause damages to Plaintiff.

### Damages Sustained by Plaintiff

39. Plaintiff is entitled to recover from Defendant the entire amount of her personal injury claim up to the full amount of liability insurance carried by Tannehill, plus the limits of uninsured motorist coverage carried by Plaintiff on all vehicles owned by Plaintiff or which Plaintiff may be, by definition, a named insured, which policies are carried with Defendant, Safeway and for punitive damages for Defendant's reckless disregard of his duty to deal fairly and acting in good faith towards its insured.

40. Plaintiff is entitled to recover the entire loss from the first dollar up to the policy limits of all available insurance policies.

41. The Plaintiff's damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against Defendant Safeway in an amount to fully and fairly compensate Plaintiff for each and every element of damages that have been suffered.

42. In addition to the above, Plaintiff seeks punitive damages against Defendant for its actions/inactions in this matter.

## II. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

43. Plaintiff re-alleges and incorporates paragraphs 1 through 41 above, and further alleges and states the following:

44. Plaintiff and Defendant entered into a contract for Uninsured/Underinsured Motorist's insurance. Said contract was in full force and effect on February 1, 2013.

45. The contract between Plaintiff and Defendant provides that Plaintiff shall pay a monthly premium, and Defendant shall provide insurance for personal injuries sustained by Plaintiff in a car wreck wherein his damages are greater than the insurance carried by the negligent third-party.

46. As of February 1, 2013, Plaintiff paid his monthly premiums up to date.

47. Defendant has failed to provide insurance for Plaintiff's personal injuries sustained in the collision on February 1, 2013, at a rate to compensate Plaintiff for his injuries in accordance with the terms and intent of the contract entered between Plaintiff and Defendant.

48. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $500,000.00, plus attorney's fees, costs and interest.

## DEMAND FOR JURY TRIAL

49. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

50. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Evan Edgerton, prays for judgment against the Defendant, Safeway Insurance Company of Georgia, in a sum excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief as to which Plaintiff may be entitled.

                                          Respectfully submitted,
                                          LAIRD, HAMMONS, LAIRD, PLLC

                                          */s/ Chris Hammons*
                                          Chris Hammons, OBA #20233
                                          LAIRD, HAMMONS, LAIRD, PLLC
                                          1230 S.W. 89th St., Suite A
                                          Oklahoma City, OK 73139
                                          Telephone:   (405) 703-4567
                                          Facsimile:    (405) 703-4061
                                          E-mail: chris@lhllaw.com
                                          ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

Date: 8/26/2013   Time: 8:57 AM   To: [74956-] @ 14057034061           Saf
eway Ins         Page: 001
12/27/2013 11:04 AM

## Safeway Insurance Company of Georgia

Date              Aug 26 2013

Fax Number:       4057034061

To:

From:             Sandra Escamilla

Regarding:        1046065

Subject:          Claim Fax Cover



Date: 8/26/2013  Time: 8:57 AM  To: [74956-] @ 14057034061                                    Saf
eway In12/27/2013 11:04 AM Page 002

# SAFEWAY INSURANCE COMPANY OF GEORGIA

1165 Sanctuary Parkway, Suite 200 * Alpharetta, Georgia 30009
Tel (678) 319-4425 * (888) 203-4964
Fax (800) 896-5375



August 26, 2013

Laird Hammons Laird Lawyers
1230 SW 89th St Ste A
Oklahoma City OK 73139
405-703-4061

RE:  Our Insured:    Evan Edgerton
     Claim No.       1046065-GA-PPCL
     Date of Loss:   02/01/2013
     Claimant:       Evan Edgerton

Dear Sirs:

After review of the bodily injury claim set up we are now prepared to make a settlement offer of $17,500.00 on this claim for injury. The offer is based on the emergency room visits of 02/26/2013 and 03/08/2013 not being related. These visits were due to a toothache. His diagnosis was dentalgia.

Please contact our office with a response at your earliest convenience.

Please confirm, in writing, that there are no liens in relation to your medical expenses. In the event there are one or more liens in relation to your medical expenses, identify the lien holder(s), the amount of the lien(s) and whether you are willing to hold harmless and indemnify Safeway Insurance Company of Georgia and our insured(s) from any liens or recovery interests asserted. We may require, absent written verification from the lien holder(s) that the lien has been satisfied, that the lien holder(s) be added as additional payee(s) on the settlement draft.

Sincerely,

Sandra Escamilla
Claims Adjuster

12/27/2013 11:04 AM



LAIRD
HAMMONS
LAIRD

TRIAL LAWYERS

www.lhllaw.com

JEFF R. LAIRD, P.C.
CHRIS HAMMONS, P.C.
GREGORY W. LAIRD, P.C.
JASON M. HICKS, P.C.
GARY G. PROCHASKA, P.C.
LATEESHA HUNTER, P.C.
JAMES H. SHAW JR. P.C.
MATTHEW R. TARVIN

*OF COUNSEL*
JAMES M. FORGOTSON, III
BRIAN DANKER

September 12, 2013

Safeway Insurance Company of Georgia
Attn. Sandra Escamilla
1165 Sanctuary Parkway, Ste. 200
Alpharetta GA 30009

      Re:    Your Insured:    Evan Edgerton
             Claim No.    1046065-GA-PPCL
             Date of Loss: 02/01/2013
             Claimant:    Evan Edgerton

Dear Ms. Escamilla,

Thank you for your conversation with me yesterday. I called you in response to your letter dated August 26, 2013, wherein you made your insured an offer to settle his bodily injury claim for $17,500 out of a $25,000 policy. The letter says that, "The offer is based on the emergency room visits of 02/26/2013 and 03/08/2013 not being related." I really have no idea why his offer would be based upon two records inadvertently placed in his records.

I explained to you on the telephone that those were simply a mistake and a very obvious mistake due to the diagnosis of dentalgia. I explained that even without those visits Evans medical bills were still in excess of your offer to settle. You said that was not true and that you found his medical bills to total $16,900. I said so you evaluated the case at $600 pain and suffering. You then oddly enough asked me if he had any scars. I really have no idea why that question was asked.

I then told you that we would not accept anything less than the policy limits of $25,000. You told me that you had room to move but would not without a counter offer, which I believe I gave by saying your insured is not taking less than $25,000 policy limit. I then asked you why you were offering Evan less than your evaluation in the case. You told me that you had a range and that $17,500 was the low end of the range. I asked you what the range was on the high end and you again stated you would not give me another offer without a counter offer.

I am formally asking you for the range that you evaluated your insured's case at and my client would like a complete copy of the claims file immediately showing your evaluation of his claims. We will need that before moving forward any further talks.

**ALL MAIL AND FAX REPLY TO**
OKLAHOMA CITY
1230 SW 89th, Suite A
Oklahoma City OK 73139

PHONE: 405.703.4567
FACSIMILE: 405.703.4061



CLAREMORE
418 West Fourth Street
Claremore OK 74017

PHONE: 918.342.4357
FACSIMILE: 918.342.4360

**12/27/2013 11:04 AM**

If you have any questions, please do not hesitate to call me.

Yours truly,

LAIRD, HAMMONS, LAIRD, PLLC

CHRIS HAMMONS
Attorney at Law



Please reply to:
**OKLAHOMA CITY:**
1230 SW 89th, Suite A
Oklahoma City OK 73139

PHONE:      405.703.4567
FACSIMILE:  405.703.4061

**CLAREMORE:**
403 West First Street, Ste. 100
Claremore OK 74017

PHONE:      918.283.4441
FACSIMILE:  918.283.4442

Date: 9/19/2013  Time: 1:40 PM  To: [75838-] @ 14057034061                Saf
eway Ins         Page 001
12/27/2013 11:04 AM

**Safeway Insurance Company of Georgia**

Date            Sep 19 2013

Fax Number:     4057034061

To:

From:           Sandra Escamilla

Regarding:      1046065

Subject:        Claim Fax Cover



Date: 9/19/2013   Time: 1:40 PM   To: [75838-] @ 14057034061                                     Saf
eway In 12/27/2013 11:04 AM Page 002

# SAFEWAY INSURANCE COMPANY OF GEORGIA



1165 Sanctuary Parkway, Suite 200 * Alpharetta, Georgia 30009
Tel (678) 319-4425 * (888) 203-4964
Fax (800) 896-5375

September 19, 2013

Laird Hammons Lairs
1230 SW 89th Ste A
Oklahoma City OK 73139
405-703-4061

RE:   Our Insured:      Evan Edgerton
      Claim No.         1046065
      Date of Loss:     02/01/2013
      Claimant:         Evan Edgerson

Dear Sirs:

We do not believe the claim is worth $25,000.00 settlement that you are requesting additionally it was your office that was making a demand of $25,000.00 based on medical specials of $19,233.36. You have yet to adjust your demand for erroneously including specials and records that were unrelated to this accident.

Per the medical records he sustained an abrasion on his forehead. There is no indication in the medical records to indicate if he had any scarring. Why would your office be surprised or confused as to why this question was asked? We are trying to determine if he had any type of disfiguring or permanent scarring from this accident.

At this time we are willing to increase our offer to $18,200.00.

Please confirm, in writing, that there are no liens in relation to your medical expenses. In the event there are one or more liens in relation to your medical expenses, identify the lien holder(s), the amount of the lien(s) and whether you are willing to hold harmless and indemnify Safeway Insurance Company of Georgia and our insured(s) from any liens or recovery interests asserted. We may require, absent written verification from the lien holder(s) that the lien has been satisfied, that the lien holder(s) be added as additional payee(s) on the settlement draft.

Sincerely,

Sandra Escamilla
Claims Adjuster



12/27/2013 11:04 AM
LAIRD
HAMMONS
LAIRD
TRIAL LAWYERS

www.lhllaw.com

JEFF R. LAIRD, P.C.
CHRIS HAMMONS, P.C.
GREGORY W. LAIRD, P.C.
JASON M. HICKS, P.C
GARY G. PROCHASKA, P.C.
LATEESHA HUNTER, P.C.
JAMES H. SHAW JR. P.C.
MATTHEW R. TARVIN

*OF COUNSEL*
JAMES M. FORGOTSON, III
BRIAN DANKER

September 20, 2013

Safeway Insurance Company of Georgia
Attn. Sandra Escamilla
1165 Sanctuary Parkway, Ste. 200
Alpharetta GA 30009

      Re:    Your Insured: Evan Edgerton
              Claim No.   1046065-GA-PPCL
              Date of Loss: 02/01/2013
              Claimant:    Evan Edgerton

Dear Ms. Escamilla,

My legal assistant told me you called yesterday and stated that, "We are lucky you don't deny your insured's claims based on a failure to notify you of a change of address." Thank you for threatening your insured with ridiculous ways to get out of paying the fair value of his claims.

You still seem to be unaware of what we are demanding. We have made demand of the $25,000 not because we think the claim is worth $25,000 but because the claim is worth substantially more than $25,000. Your attempt to blame your lowball offer on two inadvertent records in the specials is laughable. In a telephone conversation and in writing, I have stated that those medical bills were obviously not related and just a simple mistake. I would never believe anyone would be stupid enough to believe those are related to this claim.

With that said, your insured's specials would be $17945.81. The two inadvertent bills only amounted to approximately $1300. Again, you now offer $18,200 which means your lowball offer includes medical plus $254 in pain and suffering. Your threatening telephone conversation and your correspondence dated September 19, 2013 don't even address your insured's request made on September 12, 2013.

This will be second request for the range of your evaluation and a complete copy of the claims file. If I do not have those within ten (10) days of receipt of this letter, I will file a lawsuit and get it that way. I wish to avoid litigation to get what your insured is entitled to but if this behavior continues we will have no other choice. The only response needed from you at this point is either the information requested or a simple no we are not giving it to

<u>ALL MAIL AND FAX REPLY TO</u>
**OKLAHOMA CITY**
1230 SW 89th, Suite A
Oklahoma City OK 73139

PHONE: 405.703.4567
FACSIMILE: 405.703.4061



**CLAREMORE**
418 West Fourth Street
Claremore OK 74017

PHONE: 918.342.4357
FACSIMILE: 918.342.4360

12/27/2013 11:04 AM

you. Threats of non-coverage are not necessary. The lowball offer you have provided your insured is threat enough that your company is not treating him in good faith.

If you have any questions, please do not hesitate to call me.

Yours truly,

LAIRD, HAMMONS, LAIRD, PLLC

CHRIS HAMMONS
Attorney at Law



Please reply to:
**OKLAHOMA CITY:**
1230 SW 89th, Suite A
Oklahoma City OK 73139

PHONE:      405.703.4567
FACSIMILE:  405.703.4061

**CLAREMORE:**
403 West First Street, Ste. 100
Claremore OK 74017

PHONE:      918.283.4441
FACSIMILE:  918.283.4442

Date: 9/23/2013  Time: 3:43 PM  To: [75974-] @ 14057034061                                        Saf
eway Ins         Page: 002
12/27/2013 11:04 AM

# SAFEWAY INSURANCE COMPANY OF GEORGIA



1165 Sanctuary Parkway, Suite 200 * Alpharetta, Georgia 30009
Tel (678) 319-4425 * (888) 203-4964
Fax (800) 896-5375

September 23, 2013

Laird Hammons Lairs
1230 SW 89th St A
Oklahoma City OK 73139
405-703-4061

RE:  Our Insured:     Evan Edgerton
     Claim No.        1046065
     Date of Loss:    02/01/2013
     Claimant:        Evan Edgerton

Dear Sirs:

Per our prior letter of September 19, 2013 we made a settlement offer of $18,200.00 on this claim for injury. At this time our position is unchanged and our offer remains $18,200.00.

We have received the following billing:
Integris SW Medical Center $7959.11
EMG Physicians $930.00
Fountain Park Family Physicians $3238.15
Community Hospital $2113.55
Columbia Medical Center $2305.00
Total $16,545.81
Please provide the additional supports.

In Georgia we are not required and unable to release our work product. If that is required in Oklahoma please provide the statute regarding same.

There has never been any "threat" of denial on this claim. His claim was received in our office on 02/01/2013 and his property damage offer extended within 18 days.

Please advise our office of any permanent injuries Mr. Edgerton sustained from this loss so that we may re-review this claim.

Please confirm, in writing, that there are no liens in relation to your medical expenses. In the event there are one or more liens in relation to your medical expenses, identify the lien holder(s), the amount of the lien(s) and whether you are willing to hold harmless and indemnify Safeway Insurance Company of Georgia and our insured(s) from any liens or recovery interests asserted. We may require, absent written verification from the lien



Date: 9/23/2013   Time: 3:43 PM   To: [75974-] @ 14057034061                                    Saf
eway Ins                Page: 003
12/27/2013 11:04 AM

holder(s) that the lien has been satisfied, that the lien holder(s) be added as additional payee(s) on the settlement draft.

Sincerely,


Sandra Escamilla
Claims Adjuster

# SAFEWAY INSURANCE COMPANY OF GEORGIA

1165 Sanctuary Parkway, Suite 200 * Alpharetta, Georgia 30009
Tel (678) 319-4425 * (888) 203-4964
Fax (800) 896-5375



October 31, 2013

Laird Hammons Laird
1230 SW 9th St A
Oklahoma City OK 73139
405-703-4061

RE:  Our Insured:    Evan Edgerton
     Claim No.       1046065
     Date of Loss:   02/01/2013
     Claimant:       Evan Edgerton

Dear Sirs:

Per our conversation, we made a settlement offer of $$18,200.00 on this claim for injury. Please contact our office with a response at your earliest convenience.

Please confirm, in writing, that there are no liens in relation to your medical expenses. In the event there are one or more liens in relation to your medical expenses, identify the lien holder(s), the amount of the lien(s) and whether you are willing to hold harmless and indemnify Safeway Insurance Company of Georgia and our insured(s) from any liens or recovery interests asserted. We may require, absent written verification from the lien holder(s) that the lien has been satisfied, that the lien holder(s) be added as additional payee(s) on the settlement draft.

Sincerely,

Sandra Escamilla
Claims Adjuster


EXHIBIT E

12/27/2013 11:04 AM

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| EVAN EDGERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| SAFEWAY INSURANCE COMPANY ) | |
| OF GEORGIA ) | |
| Defendant. ) | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT, SAFEWAY INSURANCE COMPANY OF GEORGIA**

Pursuant to 12 O.S. §§3226, 3234, and 3237, Plaintiffs, submit the following Requests for Production of Documents to be responded to by the Defendant in accordance with the above statutes within forty-five (45) days from the date of service hereof.

**REQUEST FOR PRODUCTION NO. 1:** Please produce the entire claim file for the claim identified in Plaintiff's Petition. (Claim No. 104065, Insured/Claimant: Evan Edgerton, Date of Loss: 2/01/2013).

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

*/s/ Chris Hammons*

Chris Hammons, OBA#20233
1230 S.W. 89th St., Suite A
Oklahoma City, OK 73139
Telephone: (405) 703-4567
Facsimile: (405) 703-4061
E-mail: chris@lhllaw.com
*Attorney for Plaintiff*

1

**12/27/2013 11:04 AM**

Safeway Insurance Company of Georgia
c/o Connie Jo Pettyjohn
1165 Sanctuary Parkway, #200
Alpharetta, Georgia 30009

RECEIVED
DEC 26 2013
SAFEWAY GA

CERTIFIED MAIL

7011 1150 0001 8420 5259

Laird, Hammons, Laird, PLLC
1230 S.W. 89th Street, Suite A
Oklahoma City, OK 73139




US POSTAGE
$ 11.92
PRSRT STD
Mailed From 73139
12/19/2013
031A 0004185742

