# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EVAN EDGERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-40-M |
| | ) | |
| SAFEWAY INSURANCE COMPANY OF GEORGIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed January 13, 2014. On January 28, 2014, plaintiff filed his response, and on February 4, 2014, defendant filed its reply.

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

---

[1]Defendant also moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Because this Court finds it lacks personal jurisdiction over defendant, the Court need not address this alternative basis for dismissal.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).[2]

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See id.*

---

[2] In his response, plaintiff concedes that defendant does not have sufficient contacts with Oklahoma for general personal jurisdiction.

Defendant is incorporated under the laws of Georgia and is licensed to do business in Georgia. Defendant's business is limited to Georgia, and defendant only sells Georgia policies to Georgia residents. Defendant does not write, advertise, sell, or solicit insurance policies within Oklahoma, and defendant is not, and never has been, licensed in Oklahoma. Defendant sold the insurance policy at issue in this case to plaintiff while plaintiff was a citizen of Georgia. Plaintiff moved to Oklahoma some time after purchasing the policy, and the car accident giving rise to plaintiff's insurance claim occurred in Oklahoma.

In his response, plaintiff contends that defendant has sufficient contacts with Oklahoma based upon defendant's issuance of an insurance policy in which it agreed to defend certain claims against plaintiff in any state and agreed to compensate or indemnify plaintiff for damages arising from a car accident in any state, defendant's acceptance of premiums from Oklahoma, plaintiff's filing of a claim from Oklahoma, and defendant's subsequent denial of that claim in bad faith and breach of contract. Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not met his burden of proving that this Court has specific personal jurisdiction over defendant. Plaintiff's contention that this Court has specific personal jurisdiction over defendant relies almost exclusively on an alleged territory of coverage clause contained in the insurance policy. Plaintiff, however, does not attach a copy of the insurance policy to either his response or his Petition and does not reference said clause in his Petition. Thus, any reliance by this Court on this alleged territory of coverage clause to establish personal jurisdiction would require pure speculation on the part of the Court. Further, the Court finds that defendant's acceptance of premiums from Oklahoma and plaintiff's filing of a claim from Oklahoma do not create sufficient minimum contacts to establish specific personal jurisdiction over defendant.

Accordingly, the Court GRANTS defendant's Motion to Dismiss [docket no. 4] and DISMISSES this action for lack of personal jurisdiction.

**IT IS SO ORDERED this 24th day of February, 2014.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE